IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARL O'BLACK,                    )
        Plaintiff,             )
                                 )
v.                               )    C.A. No. 08-280 Erie
                                 )
JEFFREY BEARD, et al.,           )
        Defendants.            )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.      RECOMMENDATION**

It is respectfully recommended that:

    1.    The Medical Defendants' Motion to Dismiss [Document # 43] be granted in part and denied in part

    2.    The Commonwealth Defendants' Motion to Dismiss [Document # 46] be granted in part and denied in part.

    3.    The Motion to Dismiss or in the Alternative for Summary Judgment filed on behalf of Defendants McCollim, Loveland, Bash and Simmons [Document # 49] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants "Jane/John Doe," "John Doe 3," "John Doe 4," "Orthopedic John Doe," and "Counselor John" be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure.

**II.     REPORT**

    **A.     Relevant Procedural History**

Plaintiff Earl O'Black, a former state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on October 14, 2008. Before service of his original complaint, Plaintiff filed an amended complaint on December 4, 2008. [Document # 11]. Named as Defendants are: Jeffrey Beard ("Beard"), Secretary of the Pennsylvania Department of Corrections ("DOC");

Michael Barone, Superintendent at SCI-Forest ("Barone"); Joan Delie, Health Care Administrator at SCI-Forest ("Delie"); Robert Maxa, M.D., Medical Director at Prison Health Services' Medical Director ("Maxa"); Rhonda Sherbine, a Physician's Assistant at Prison Health Services ("Sherbine"); Brian McCollim, Director at Alle-Kiski Pavilion ("McCollim"); Chad Loveland, Monitor at Alle-Kiski Pavilion ("Loveland"); Ron Bash, Monitor at Alle-Kiski Pavilion ("Bash"); Donald Kelchner, Superintendent at SCI-Camp Hill ("Kelchner"); David Wakefield, Superintendent at SCI-Greensburg ("Wakefield"); Sgt. McDonnell, Corrections Officer at SCI-Forest ("McDonnell"); Counselor Perry at SCI-Forest ("Perry"); Ms. E. Wallace, Unit Manager at SCI-Forest ("Wallace"); Joann Riccardi, Parole Agent at SCI-Pittsburgh ("Riccardi"); Ken Duhouse, Parole Agent at SCI-Pittsburgh ("Duhouse"); Curtis Simmons, Director of Alle-Kiski Pavilion ("Simmons"); Donald Skunda, a Registered Nurse at SCI-Forest ("Skunda"), C/O Kopcheck, a corrections officer at SCI-Forest ("Kopcheck"); Lieutenant Wentz, a corrections officer at SCI-Forest ("Wentz"); and various unidentified Jane and John Doe Defendants.[1]

Plaintiff alleges that Defendants, individually and in concert, have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights and his Fourteenth Amendment right to due process. Motions to dismiss the amended complaint have been filed on behalf of Defendants Maxa and Sherbine (collectively referred to as the "Medical Defendants") [Document # 43]; Defendants Beard, Barone, Delie, Kelchner, Wakefield, McDonnell, Perry, Wallace, Riccardi, Duhouse, Skunda, Kopcheck, and Wentz (collectively referred to as "Commonwealth Defendants") [Document # 46]; and Defendants McCollim, Loveland, Bash, and Simmons (collectively referred to as "Alle-Kiski Defendants") [Document

---

[1] To date, none of the John/Jane Doe Defendants has been specifically identified or served, and no attorney has entered an appearance on behalf of any of the these Defendants.

# 49].[2]  Each motion argues that Plaintiff has failed to exhaust his administrative remedies and has failed to state a claim upon which relief may be granted.  In addition, both the Medical and Commonwealth Defendants assert that Plaintiff's claims are barred in part by the applicable statute of limitations. (See Document ## 44 and 47, Briefs in Support of Motions to Dismiss). Despite having been given ample time to respond to each motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

B.     **Standards of Review**

1.     **Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v.

---

[2] The motion filed by the Alle-Kiski Defendants is alternatively captioned as a motion for summary judgment. [Document # 49].

3

Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

### 2.     Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P.  56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant.  Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000).  Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to

4

interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**C.     Exhaustion**

**1.     The Exhaustion Requirement of the Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 93-94 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

### 2.     The Procedural Default Component of the Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[4] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

---

[4] There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

To exhaust the administrative remedies within the DOC's grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution and the DOC inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4). If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the Initial Review Response to the prison superintendent or facility manager and, if the appeal is denied, (2) an appeal to the DOC Secretary's Office of Inmate Grievances and Appeals ("DOC Secretary"). DC-ADM 804 VI(C)(1).

### 3. **Exhaustion and Procedural Default Applied**

Defendants argue that Plaintiff has failed to exhaust his administrative remedies with regard to all of the claims he has brought in this case, other than his Eighth Amendment claim against Defendants Maxa, Sherbine, and Skunda, challenging their alleged failure and/or refusal to timely provide him with an "Arizona brace" for his left ankle. In support of this argument, the Commonwealth Defendants have submitted the Declaration of Dorina Varner, an Administrative Officer 4 in the DOC Secretary's Office of Inmate Grievances and Appeals, who certifies the following, in pertinent part:

> 10.   I have reviewed the grievance appeal records of inmate Earl O'Black, inmate number GF-5233, in relation to the above-captioned case. These records reflect that Mr. O'Black appealed only one (1) grievance to final review while in DOC custody,

8

namely, Grievance # 241059.[5]

(Declaration of Dorina Varner attached as Exhibit B to Document # 47, at ¶ 10).  In addition, the Alle-Kiski Defendants have submitted the Affidavit of Defendant McCollim, who certifies the following, in pertinent part:

> 17.   Mr. O'Black did at no time file any grievances while he was a resident at Alle-Kiski Pavilion.  Grievance forms are freely available to all residents.

(Affidavit of Brian McCollim attached as Exhibit A to Document # 50, at ¶ 17).

Since Plaintiff has failed to respond in any way to Defendants' motions to dismiss, the foregoing sworn declarations of Ms. Varner and Defendant McCollim are uncontroverted.  Thus, it is clear from the record that Plaintiff has failed to exhaust his administrative remedies with regard to all claims in this case, other than Plaintiff's Eighth Amendment claim against Defendants Maxa, Sherbine, and Skunda, challenging their alleged failure and/or refusal to timely provide him with an "Arizona brace" for his left ankle.  Moreover, in light of the fact that such claims allegedly took place more than one year ago, Plaintiff has procedurally defaulted on those claims.  Accordingly, all claims other than Plaintiff's Eighth Amendment against Defendants Maxa, Sherbine, and Skunda, relating to the provision of an "Arizona brace" for Plaintiff's left ankle, should be dismissed, and all Defendants other than Defendants Maxa, Sherbine, and Skunda, should be dismissed from this case.  Plaintiff's remaining Eighth Amendment claim will now be considered on its merits.

### D.     Discussion
#### 1.     Eighth Amendment Claim

The Eighth Amendment claim left to be considered by this Court, and the allegations pertaining to such claim, are essentially summarized by Plaintiff as follows:

---

[5] Grievance # 241059 deals with the alleged failure and/or refusal to timely provide him with an "Arizona brace" for his left ankle. (See Exhibit A attached to Document # 47).

22. On or about October 31, 2007, and since the Plaintiff had come back to S.C.I. Forest, each and every time Plaintiff would have a medical appointment, the Plaintiff would consult with defendant Ms. Rhonda Sherbine, and Defendant Dr. Robert Maxa about finding or replacing Plaintiff's missing brace until a replacement is supplied to help Plaintiff from any walking, which occurs daily, and is jeopardizing Plaintiff from having fusion surgery, that perhaps might alternatively result in Plaintiff becoming an amputee, not to mention the inflation of cronic [sic] edema, and at times, untolerable [sic] pain associated with walking without the support, and immobilization that the "Arizona Brace" offers.  This [sic] constant requests to defendant Robert Maxa fell on deaf ears, as the Plaintiff continue[s] to suffer.  And at all times relevant to defendant actions, defendant Maxa and defendant Rhonda ... violated Plaintiff's 8th Amendment Rights under the United States Constitution,....

23. After the continual run around by defendant Robert Maxa, and defendant Rhonda Sherbine, approximately 10 months, especially with Plaintiff gaining 30 lbs, and not able to get proper exercise,... Plaintiff finally quit verbally communicating as a way of resolving the issues.  Plaintiff first attempt was the DC-135A Inmate request to Staff Member procedure on May 27, 2008 to defendant Donald Skunda RN, CHCA, on that request form, Plaintiff informed defendant Skunda of the intense pain, unacceptable weight gain, and that Plaintiff has been in a wheelchair to [sic] long.  Plaintiff also asked defendant Donald Skunda, 'why is it that your medical department has not replaced Plaintiff's brace and/or even done the necessary fusion surgery?['] Defendant Skunda written reply was, 'that these are decisions that the medical director can only make.[']....

        \*       \*       \*

25. After weeks of more waiting and not seeing the orthopedic outside contractor, Plaintiff finally resolved to the Inmate DC 804 Grievance System.  On August 26, 2008,... Plaintiff explained how he had several attempts to obtain the orthopedic [A]rizona brace that was removed and/or lost; for the Plaintiff since August 17th, 2007, Plaintiff has been forced to use a wheelchair for most of the day,....

26. Remarkably, on or about September 28th, 2008, Plaintiff received the grievance answer back.  It was answered by Health Care Administrator, defendant Donald Skunda.  It stated 'on August 28th, 2008 you were seen by defendant orthopedic John Doe, for fitting of boot to wear.' Grievance resolved.  However, that strikes Plaintiff funny, because Plaintiff was never fitted for anything....

27. Defendant Donald Skunda ... has been providing false information ... saying, 'Plaintiff has been fitted for a new boot['] when

> rendering his decision ... on his answer to ... grievance DC-804 # 241059, he has not only misrepresented facts to defendant Michael Barone, Acting Superintendent, when inquiring about Plaintiff['s] appeal, defendant Donald Skunda has maliciously delayed drastically the order and retention of the urgently needed Arizona Brace, which would allow Plaintiff to walk with only the use of a cane, and protect the Plaintiff from all daily walking Plaintiff do[es] when not in the wheelchair.... At all times relevant to defendant actions, ...said defendant subjected Plaintiff to cruel and unusual punishment in violation of Plaintiff's 8th Amendment Rights under the United States Constitution,....

(Document # 11, Amended Complaint, at ¶¶ 22, 23, 25-27).

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[6] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of

---

[6] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

11

prisoners." Durmer, 991 F.2d at 67 (citations omitted).

Here, the Medical Defendants[7] argue that Plaintiff has "fail[ed] to allege the requisite culpable state of mind necessary for his deliberate indifference and/or Eighth Amendment claim to survive," and that "[t]his is a typical case of disagreement with the type of medical care and not refusal to provide care."  The Court disagrees.  Accepting Plaintiff's allegations as true, as the Court must at this stage of the proceeding, Plaintiff has sufficiently alleged that he had a serious medical need for an "Arizona Brace" for his left ankle, yet despite his repeated verbal and written requests for the brace over the course of a year or more, the Medical Defendants failed to provide him with the same.  As a result, Plaintiff alleges that he was required to use a wheelchair, which caused him to incur significant weight gain and exacerbated his diabetic condition.  In addition, Plaintiff claims that he may require fusion surgery or possible amputation as a result of the Medical Defendants' alleged delay in providing the requested brace.  These allegations amply state an Eighth Amendment claim upon which relief may be granted

Accordingly, the motions to dismiss Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Maxa, Sherbine, and Skunda, regarding their alleged failure and/or refusal to timely provide an Arizona brace for Plaintiff's left ankle, should be denied.

### 2.      Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or

---

[7] As used here, the term "Medical Defendants" includes Defendant Skunda, who is actually included among the previously identified "Commonwealth Defendants."  In the Commonwealth Defendants' brief in support of their motion to dismiss, it is argued that the Commonwealth Defendants, including Defendant Skunda, are non-medical prison officials who generally cannot be charged with deliberate indifference; however, Defendant Skunda has been identified as a registered nurse and is being sued for his actions and/or omissions in that capacity.  Thus, for purposes of Plaintiff's Eighth Amendment claim, the Court will consider Defendant Skunda a "medical Defendant."

(2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[8]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted previously, unnamed Defendants "Jane/John Doe, Health Care Administrator," "John Doe 3," "John Doe 4," "Orthopedic John Doe," and "Counselor John" have never been properly identified or served in this case, nor has any of them had an attorney enter an appearance

---

[8] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

on his or her behalf.  All of these Defendants were named in the amended Complaint that was filed on December 4, 2008.  More than eight months have passed since such time.  As a result, all unnamed Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they have not been served within 120 days of the date on which they were named as Defendants in this case.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The Medical Defendants' Motion to Dismiss [Document # 43] be granted in part and denied in part, as follows:

   a. All claims other than Plaintiff's Eighth Amendment claim alleging the Medical Defendants' failure and/or refusal to timely provide him with an Arizona brace for his left ankle, should be dismissed;

2. The Commonwealth Defendants' Motion to Dismiss [Document # 46] be granted in part and denied in part, as follows:

   a. All claims other than Plaintiff's Eighth Amendment claim against Defendant Skunda, regarding his alleged failure and/or refusal to timely provide Plaintiff with an Arizona brace for his left ankle, should be dismissed;

   b. All Commonwealth Defendants other than Defendant Skunda should be dismissed from this action;

3. The Motion to Dismiss or in the Alternative for Summary Judgment filed on behalf of Defendants McCollim, Loveland, Bash and Simmons [Document # 49] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims against unnamed Defendants "Jane/John Doe," "John Doe 3," "John Doe 4," "Orthopedic John Doe,"and "Counselor John" be dismissed in their entirety, as Plaintiff has failed to identify and serve said Defendants within 120 days, in accordance with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and said Defendants should be terminated from this case..

Based on the foregoing, the only claim that should remain is Plaintiff's Eighth

14

Amendment claim against Defendants Maxa, Sherbine, and Skunda, regarding their alleged failure to timely provide Plaintiff with an Arizona brace for his left ankle.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 18, 2009

cc:   The Honorable Sean J. McLaughlin
      United States District Judge