IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARL O'BLACK, )
       Plaintiff, )    C.A. No. 08-280 Erie
)
       v. )
)    District Judge McLaughlin
ROBERT MAXA, et al., )    Magistrate Judge Baxter
       Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that Defendants' joint motion to dismiss for lack of prosecution [ECF No. 68] be granted and that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

**II    REPORT**

**A.    Procedural History**

Plaintiff Earl O'Black, a former state inmate, filed this civil rights action on October 24, 2008. Soon thereafter, Plaintiff was released from custody and established residence in Pittsburgh, Pennsylvania. [See ECF No. 21, Notice of Change of Address].

On September 10, 2009, District Judge Sean J. McLaughlin entered a Memorandum Order adopting this Court's Report and Recommendation dated August 19, 2009, and dismissing all of Plaintiff's claims other than his Eighth Amendment claim against remaining Defendants Robert Maxa, M.D., Rhonda Sherbine, and Donald Skunda, based on their alleged denial of an Arizona brace for Plaintiff's left ankle. [ECF No. 54]. This Court subsequently held a case management conference by telephone on October 28, 2009, which was attended by Plaintiff and counsel for the remaining Defendants. At this conference, deadlines were set for, *inter alia*, the filing of dispositive motions and responses thereto, and the filing of pretrial statements. In particular, dispositive motions were due by March 26, 2010, responses to

dispositive motions were due by April 30, 2010, and Plaintiff's pretrial statement was due by May 28, 2010.

On March 24 and March 26, 2010, respectively, motions for summary judgment were filed by Defendants Maxa and Sherbine [ECF No. 60], and Defendant Skunda [ECF No. 65]. Plaintiff failed to file a response to either motion, and failed to file his pretrial statement in accordance with this Court's scheduling order entered at the case management conference of October 28, 2009. As a result, on August 19, 2010, Defendants filed a joint motion to dismiss this case for Plaintiff's lack of prosecution [ECF No. 68]

In consideration of Defendants' joint motion, this Court issued a show cause Order on October 8, 2010, requiring Plaintiff to show cause by October 28, 2010, for his failure to timely file his pretrial statement and responses to Defendants' motions for summary judgment in accordance with this Court's scheduling order of October 28, 2009. [ECF No. 69]. The show cause Order further advised that Plaintiff's failure to file a pretrial statement and responses to Defendants' summary judgment motions by October 28, 2010, would result in this Court's recommendation that this case by dismissed for Plaintiff's failure to prosecute. Plaintiff has since failed to comply with this Court's show cause Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case. Plaintiff has ignored Orders of this Court, the last of which expressly stated

that his case would be dismissed for failure to prosecute if he did not comply.  Plaintiff is proceeding pro se and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

**III**     **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' joint motion to dismiss for lack of prosecution [ECF No. 69] be granted, and that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: November 4, 2010

cc:     The Honorable Sean J. McLaughlin
        United States District Judge